# BALTIMORE CITY COURT.

Filed March 2, 1925.

RALPH WALKER RUSHWORTH
VS.
BOARD OF EXAMINERS OF MOVING PICTURE MACHINE OPERATORS.

*Martin Lehmayer* for petitioner.

*Assistant Attorney-General Robert H. Archer* and *G. Tyler Smith* for defendant.

ULMAN, J.—

In the matter of the petition of Ralph Walker Rushworth for a writ of mandamus against the Board of Examiners of Moving Picture machine Operators, the Court has determined to refuse said petition. The application is for a writ requiring the Board to grant petitioner an examination under the provisions of Section 691-E of the City Charter, being Ch. 195 of the Acts of 1918. The applicant is a native of England and the testimony establishes to the satisfaction of the Court that he was for many years a motion picture operator in that country. He claims to have been duly licensed as such operator; but, as will be seen below, the evidence is not clear in this regard. It might well be thought, however, that this fact would be enough to

entitle him to take the examination and to obtain a license as such operator in Maryland.

But an examination of the statute shows that the Legislature has expressly created a specific condition precedent to the granting of a license as a motion picture operator—namely, that the applicant shall have had "at least six months' experience *under* a licensed operator." This condition precedent quoted from the Act of 1918, is, in effect, a requirement of a period of apprenticeship under certain specified conditions. It is the only condition precedent, other than that of age, which is not material to this decision. In the earlier Acts of 1910 and 1912, respectively, alternative conditions precedent were prescribed in the nature of prior experience in the business or profession. The elimination of these alternatives in the Act of 1918 can mean only one thing—namely, that at the present time, under the present law, the requirement of six months' experience *under* a licensed operator is intentionally made to be an absolute prerequisite to the granting of a license.

It has been contended on the part of the Board that this clause means that the applicant must have had six months' experience under an operator licensed by the State of Maryland. The Court does not accept this view. The purpose of the statute is to provide for the safety of the public. The theoretical and practical examination to be given by the Board and to be passed by the applicant should be conducted in such a manner as to insure the safety of the public. But whether it is so conducted or not, the Legislature has made six months' experience under a licensed operator a condition precedent to the granting of the license. Therefore the giving of an examination to persons who can not qualify in this respect would be a futility. On the other hand, to construe the statute as requiring that the period of apprenticeship must have been served in Maryland, or under an operator holding a Maryland license, would seem to be an unreasonably narrow construction, not warranted by the language of the statute, nor required by its purpose.

In this case the applicant contends that he did serve such apprenticeship: and his father, under whom it is said to have been served, has testified that the applicant did work under him for two years prior to being granted a license in England. Neither the statute itself nor any general regulation of the Board prescribes any specific method of proof as to this essential prerequisite of the granting of a license. However, the Legislature has made it an absolute prerequisite. Therefore, it is important; and the Court feels that the evidence in this case is not so clear and convincing on that point as it should be. Without going into details, the contention of the applicant is that he was licensed in England in the year 1913, at which time he was either 16 or 17 years of age. Such references as have been made to the law of England in this case indicate that "competent operators" in England are required to be at least 18 years of age. This requirement would certainly seem to be reasonable. If there was in this case a period of apprenticeship prior to the licensing of the applicant in the year 1913, certainly it must be said that during that period the applicant was of a tender age, and that the period of apprenticeship testified to by him and by his father was not one within the spirit and purpose of the Maryland Act. Moreover, neither the father nor the son has been able to produce and exhibit to the Court any proper evidence to show that a license ever was granted to either of them as a motion picture operator in England.

The law is not particularly well phrased and probably it would be better if it provided some form of recognition of licenses granted in other States and countries, so that persons so licensed might obtain either temporary permits or permanent licenses in Maryland upon the faith thereof. That, however, is something for the Legislature to provide; it can not be done by this Court. To the extent, however, that the Court can act, it does construe the law as requiring the Board to recognize licenses of other States or countries to the extent of treating as a valid period of apprenticeship, six months' service under an operator licensed by another State or country. It would be very desirable if the Board should promulgate some general rule for the guidance of applicants, so that they might be advised as to a method, satisfactory to the Board, of proving the fact of their apprenticeship in ac-

cordance with the statute. In addition, they must, of course, comply with the legal requirement of an examination by the Board, the importance of which for the safety of the public is obvious.